## UNITED STATES v. YODER.

*(District Court, D. Minnesota.   November, 1883.)*

ACTION OF TROVER—RIGHT OF SETTLERS TO CUT TIMBER AND IMPROVE LAND BEFORE PRE-EMPTION.

> A settler, claiming in good faith a homestead, can, for the purpose of improving the land, cut down the necessary timber before he files his entry in the land-office.  There is nothing in the homestead act requiring an entry in the land-office before settlement.

This is an action of trover for the conversion of timber owned by the plaintiffs.

### ADMITTED FACTS.

In April, 1880, Hermann E. Robinson, the defendant's vendor, settled upon the surveyed land upon which the timber was cut with a view of making it his homestead, and in October, 1881, he made his entry at the proper land-office.   In January, February, and March, 1881, for the purpose of improving the land, he cut thereon 110,000 feet of pine logs and sold the same to the defendant, delivering them at his saw-mill.   Robinson, the settler, has resided upon the land from the time of his settlement up to the trial of this cause, except when absent temporarily for a few months.

*Mr. Congdon,* Asst. U. S. Atty., for plaintiff.

*O'Brien & Wilson,* for defendant.

NELSON, J.   The government has no right to the logs or their value upon the facts above stated.   It may be true that in pre-emption cases the government can dispose of the land by grant for public purposes, or reserve it from sale, before all the prerequisites for obtaining the title have been complied with by the settler; still, in this case, the government has not done so, and the authorities cited by the district attorney have no application to the existing facts.   The naked question presented is whether or not a settler, claiming in good faith a homestead, can, for the purpose of improving the land, cut down the necessary timber before he files his entry in the land-office. I find nothing in the homestead act forbidding it; and if the settler is acting in good faith, the fact that the time above specified intervened between the settlement and filing of the entry, would not prevent him from doing, in the meanwhile, that which good husbandry would dictate.   There is nothing in the act requiring an entry should be made in the land-office before settlement.   Chapter 89, § 3, Supp. Rev. St. p. 526; *Johnson v. Towsley,* 13 Wall. 90.   A person who has filed a pre-emption claim, and become entitled to the law governing pre-emptors, may avail himself of the homestead act, and certainly he must have settled and improved the land before he makes his pre-emption claim.   In my opinion, this law, so wise and beneficial in its

results, should be liberally construed, and unless there is evidence of bad faith on the part of the settler, it is not the policy of the government to harass him by vexatious litigation.

Judgment for defendant.